UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA

LUXOTTICA GROUP S.p.A., an Italian corporation, and COSTA DEL MAR, INC., a Florida corporation,

      Plaintiffs,

  v.

ARTHUR BURNS WHITE JR., individually, d/b/a RECORD & SOUND SHOP,

      Defendant.
_____/

Case No.: 1:26-cv-37

## COMPLAINT

Plaintiffs Luxottica Group S.p.A. and Costa Del Mar, Inc. (collectively, "Plaintiffs"), through their undersigned counsel, sue Defendant Arthur White Burns, Jr. d/b/a Record & Sound Shop, and allege:

### NATURE OF ACTION

1. This lawsuit arises from the violation of the Plaintiffs' intellectual property rights by Defendant's ongoing promotion and sale of sunglasses bearing counterfeits of Plaintiffs' federally registered Ray-Ban and Costa trademarks (the "Counterfeit Merchandise"). Through this action, Plaintiffs seek to address Defendant's counterfeiting activities, as well as to protect unknowing consumers from purchasing low quality and potentially dangerous Counterfeit Merchandise.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the parties and over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because it involves a claim arising under the Lanham Act.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant because he resides and continues to infringe Plaintiffs' famous trademarks in this Judicial District.

## PARTIES

4. Plaintiff, Luxottica Group S.p.A. ("Luxottica Group") is an Italian corporation with a principal place of business in Milan, Italy.

5. Plaintiff, Costa del Mar, Inc. ("Costa") is a corporation organized and existing under the laws of the State of Florida, having a principal place of business in Daytona, Beach, Florida. Costa is an indirect, wholly owned subsidiary of FGX International, Inc.

6. Defendant, Arthur Burns White Jr. is an individual residing in Clarke County, Alabama and currently doing business in Jackson, Alabama. Defendant uses the fictitious name "Record and Sound Shop a/k/a R&S Shop" as an alias in the operation of a retail business located at 221 Commerce Street, Jackson, AL 36545.

**FACTUAL ALLEGATIONS**

A.    **The World-Famous Luxottica Brands and Products.**

7.    Luxottica Group is engaged in the manufacture, marketing and sale of premium, luxury and sports eyewear throughout the world. Luxottica Group's proprietary brands include Ray-Ban, the world's most famous sun eyewear brand, as well as Vogue Eyewear, Persol, Oliver Peoples, Alain Mikli and Arnette, among others.

8.    Through its affiliates and subsidiaries, Luxottica Group operates over 7,000 optical and sun retail stores, including LensCrafters, Pearle Vision and ILORI in North America, OPSM and Laubman & Pank in Asia-Pacific, LensCrafters in China, GMO in Latin America and Sunglass Hut worldwide.

9.    Luxottica Group's Ray-Ban products are distributed and sold through its optical and sun specialty retail stores, authorized retail and department stores, and via its various websites, including www.ray-ban.com, throughout the United States, including Alabama.

10.    Luxottica Group has used a variety of legally protected trademarks for many years on and in connection with the advertisement and sale of its Ray-Ban products, including but not limited to those detailed in this Complaint.

11.    Luxottica Group has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Ray-Ban Trademarks (defined below). As a result, products bearing the Ray-Ban trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Luxottica Group, and have acquired strong secondary meaning.

3

12. Luxottica Group is the owner of various trademarks under the Ray-Ban brand, including, but not limited to, the following United States Federal Trademark Registrations (collectively, the "Ray-Ban Trademarks"), which are at issue in this lawsuit:

| **Registration Number** | **Trademark** | **Good and Services** |
|---|---|---|
| 650,499 | *Ray-Ban* | For: sunglasses, shooting glasses and ophthalmic lenses in class 9. |
| 1,093,658 | *Ray-Ban* | For: ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles and goggles; and cases and other protective covers for sunglasses, eyeglasses, spectacles in class 9. |
| 1,726,955 | *Ray-Ban* | For: cloths for cleaning ophthalmic products in class 21. |
| 1,080,886 | RAY-BAN | For: ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles in class 9. |
| 3,522,603 | Ray-Ban (red box logo) | For: sunglasses, eyeglasses, lenses for eyeglasses, eyeglasses frames, cases for eyeglasses in class 9. |
| 1,511,615 | LUXOTTICA | For: eyeglasses, sunglasses, temples and eyeglass frames in class 9. |

4

| 2,971,023 | | For: sunglasses, eyeglasses, eyeglass lenses in class 9. |
|---|---|---|
| 1,320,460 | | For: protective cases and covers in class 9. |

13. Luxottica Group has long been manufacturing and selling eyewear in interstate commerce under the Ray-Ban Trademarks.[1] These registrations are valid and subsisting and the majority are incontestable.

14. The registration of the Ray-Ban Trademarks constitutes prima facie evidence of their validity and conclusive evidence of Luxottica Group's exclusive right to use the Ray-Ban Trademarks in connection with the goods identified therein and other commercial goods.

15. The registration of the Ray-Ban Trademarks also provides constructive notice to Defendants of Luxottica Group's ownership and exclusive rights in the Ray-Ban Trademarks.

16. The Ray-Ban Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1).

17. The Ray-Ban Trademarks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

---

[1] All registrations originally held in the name of Luxottica Group's predecessor's owner of the Ray-Ban Trademarks, Bausch and Lomb, were assigned in full to Luxottica Group in 1999.

**B.      The World-Famous Costa Brand and Products.**

18.     The Costa eyewear brand was born in Daytona Beach, Florida in 1983.

19.     Costa has continuously sold Costa branded products, including eyewear, apparel, and other related merchandise through its authorized retailers and via its internet website: www.costadelmar.com throughout the United States, including Alabama.

20.     Costa has used a variety of legally protected trademarks for many years on and in connection with the advertisement and sale of its Costa products, including but not limited to, those detailed in this Complaint.

21.     Costa has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Costa Trademarks (defined below).  As a result, products bearing the Costa Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Costa and have acquired strong secondary meaning.

22.     Costa is the owner of various trademarks under the Costa brand, including, but not limited to, the following United States Federal Trademark Registrations (collectively, the "Costa Trademarks"), among others, which are at issue in this lawsuit:

| **Registration Number** | **Trademark** | **Good and Services** |
|---|---|---|
| 3,857,379 | COSTA | For:  sunglasses and sunglass frames in class 9. |
| 3,273,228 | [Costa wave logo] | For:   sunglasses, sunglass frames, sunglass lenses in class 9. |

| 4,891,374 | 580 | For: sunglass lenses in class 9. |

23. Costa has long been manufacturing and selling eyewear in interstate commerce under the Costa Trademarks. These registrations are valid and subsisting.

24. The registration of the Costa Trademarks constitutes prima facie evidence of their validity and conclusive evidence of Costa's exclusive right to use the Costa Trademarks in connection with the goods identified therein and other commercial goods.

25. The registration of the Costa Trademarks also provides constructive notice to Defendants of Costa's ownership and exclusive rights in the Costa Trademarks.

26. The Costa Trademarks qualify as famous trademarks, as that term is used in 15 U.S.C. § 1125(c)(1).

27. The Costa Trademarks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

**C.    Defendant's Infringing Activities**

28. On December 11, 2025, Plaintiffs' investigator visited 'Record & Sound Shop' located at 221 Commerce Street, Jackson, AL 36545 and discovered that Defendant was displaying, offering for sale, and/or selling in plain view sunglasses and accessories bearing reproductions of one or more of the Ray-Ban and Costa Trademarks.

29. Plaintiffs' investigator purchased two pairs of Ray-Ban branded sunglasses for $39.99 each, and one pair of Costa branded sunglasses for $29.99. Photographs of the Ray-Ban and Costa merchandise, including the sunglasses that were being offered for sale and the sunglasses purchased on that day are depicted below:










30.     Luxottica Group, on behalf of itself and Costa, subsequently inspected the items purchased from Defendant's store on December 11, and determined that the Ray-Ban and Costa Trademarks affixed to the sunglass frames, lenses and related accessories are either incorrect or inconsistent with the Ray-Ban and Costa Trademarks found on similar products and items bearing authentic Ray-Ban and Costa Trademarks.

9

31. Luxottica Group also determined that the items purchased from Defendant infringed one or more of the Ray-Ban and Costa Trademarks and bore reproductions of marks that are identical with, or substantially indistinguishable from one or more of the Ray-Ban and Costa Trademarks.

32. Plaintiffs did not manufacture, and they did not authorize anyone to manufacture any of the counterfeit Ray-Ban and Costa trademarked products that were sold by Defendant as identified herein.

33. Defendant does not have a license, authority, or other permission from Luxottica Group or Costa to use the Ray-Ban and Costa Trademarks in connection with the advertising, promoting, offering for sale or sale of the Counterfeit Merchandise.

34. Defendant's actions, as described above, constitute direct trademark infringement in violation of the Lanham Act.

35. Defendant's actions, as described above, are intended to cause confusion or mistake, and to deceive consumers, the public, and the trade into believing that the Counterfeit Merchandise offered for sale by Defendant are authentic or authorized products of Luxottica Group and Costa.

36. Defendant's actions, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Counterfeit Merchandise, Luxottica Group and Costa.

37. Defendant is aware of the extraordinary fame and strength of the Ray-Ban and Costa brands, the Ray-Ban and Costa Trademarks, and the incalculable goodwill associated therewith.

38. Defendant's knowing and deliberate hijacking of Plaintiffs' famous marks and offer for sale of Counterfeit Merchandise has caused substantial and irreparable harm to Luxottica Group's and Costa's goodwill and reputation. In addition, the damage caused by Defendant is especially severe because the Counterfeit Merchandise is cheap and inferior in quality to products bearing authentic Ray-Ban and Costa Trademarks.

39. Luxottica Group and Costa seek damages as a result of Defendant's knowing, deliberate and willful disregard of the activities infringing the Ray-Ban and Costa Trademarks.

## COUNT I
## (15 U.S.C. § 1114)
## (Trademark Infringement)

40. Plaintiffs repeat and re-allege the allegations set forth in Paragraphs 1 through 39 above.

41. This is a trademark infringement action against Defendant based on its unauthorized use in commerce of reproductions of marks that are identical with, or substantially indistinguishable from one or more of the Ray-Ban and Costa Trademarks.

42. Defendant promoted, advertised, and offered for sale products bearing counterfeits of one or more of the Ray-Ban and Costa Trademarks without Plaintiffs' permission and without any compensation to the Plaintiffs.

43. The foregoing acts of the Defendant are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Counterfeit Merchandise offered for sale and/or sold by Defendant are authentic or authorized products of Luxottica Group and Costa.

44. Defendant's activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Counterfeit Merchandise, Luxottica Group and Costa.

45. Defendant directly and willfully infringed Plaintiffs' trademarks under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs Luxottica Group S.p.A. and Costa Del Mar, Inc. respectfully request that this Court enter judgment in their favor and against Defendant Arthur Burns White, Jr., as follows:

A. Finding that: Defendant has violated Section 32 of the Lanham Act (15 U.S.C. §§ 1114);

B. Awarding Plaintiffs statutory damages for willful trademark infringement in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117(c));

C. Awarding Plaintiffs pre-judgment interest on any monetary award made part of the judgment against Defendant; and

D. Awarding Plaintiffs such additional and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Luxottica Group requests a trial by jury in this matter.

Dated this 2nd day of February 2026.

                                                 Respectfully submitted,

                                                 /s/ Douglas L. Bridges
                                                 Douglas L. Bridges (AL Bar 1974N06L)
                                               **ADAMSIP, LLC**
                                               453 Dauphin Street
                                               Mobile, Alabama 36602
                                               (251) 289-9787
                                               doug@adamsiplaw.com

                                               -and-

                                               David B. Rosemberg (Fla. Bar. 0582239)
                                               (*pro hac vice motion to be filed*)
                                               **ROSEMBERG LAW**
                                               20200 W. Dixie Hwy., Suite 602
                                               Aventura, FL 33180
                                               Ph: 305.602.2008
                                               Fax: 305.602.0225
                                               Email: david@rosemberglaw.com

                                               *Counsel for Plaintiffs*

4920-7573-1592, v. 1