**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **LUXOTTICA GROUP S.p.A., an Italian corporation, and COSTA DEL MAR, Inc. a Florida corporation,** )<br>)<br>)<br>) | |
| **Plaintiff,** )<br>) | |
| **v.** ) | **CIVIL ACTION NO. 1:26-00037-KD-MU** |
| ) | |
| **ARTHUR BURNS WHITE, Jr., Individually, d/b/a RECORD & SOUND SHOP,** )<br>)<br>)<br>) | |
| **Defendant.** ) | |

## ORDER

This action is before the Court on the Motion for Entry of Clerk's Default, filed by Plaintiffs Luxottica Group S.p.A and Costa Del Mar, Inc. ("Plaintiffs). (Doc. 9). Upon consideration, and for the reasons below, the motion is **DENIED**.

### I.    Background

Plaintiffs request that the clerk enter default against Defendant Arthur Burns White, Jr. ("White"). In support, Plaintiffs state: "On September 8, 2025, Plaintiffs served Defendant with the Summons and a copy of the Complaint. . . . In accordance with Fed. R. Civ. P. 4(d), Defendant's response was due on March 3, 2026." (Doc. 9) (citing Doc. 8). Plaintiffs explain that White has not filed any responsive pleading as required.

Based on the proof of service form, the date of the alleged service was February 10, 2026, not September 8, 2025. Compare (Doc. 8) with (Doc. 9). Also, Plaintiffs presumably cite Federal Rule of Civil Procedure 4(d) in error (that provision governs situations where the defendant waives service), but Plaintiffs correctly note the 21-day response period. See Fed. R. Civ. P. 12(a)(1)(A)(i)

1

(explaining that a defendant generally must serve an answer within 21 days after being served with process).

## II.    Law

"A party seeking entry of default must show 'by affidavit or otherwise' that the party against whom default is to be entered has failed to plead or otherwise defend." 2 Steven S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary § 55:7 (2025) (quoting Fed. R. Civ. P. 55(a)). "As a practical matter, the plaintiff's affidavit will need to set forth the details of service. Proof of proper service is essential because a defendant has no duty to answer—and therefore cannot be in default—until properly served." Id. For example, the Eleventh Circuit affirmed the denial of a motion for entry of default when the trial court determined that the service of process was insufficient. Colclough v. Gwinnett Pub. Schs., 734 F. App'x 660, 662 (11th Cir. 2018) ("Given the improper service, the Court lacked jurisdiction over the matter and could not render a default judgment or enter default.").

## III.    Analysis

Plaintiffs are suing White individually. Federal Rule of Civil Procedure 4(e) allows plaintiffs to serve individuals pursuant to three federal methods or incorporated state methods of service based on the forum of the district court and the state where service is made. The relevant state law here is Alabama. Under both federal and Alabama law, an individual may be served by delivering a copy of the summons and complaint "to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(C); Ala. R. Civ. P. 4(c)(1).

However, "there must be evidence that the defendant intended to confer that authority upon the agent in order to satisfy the terms of Rule 4(e)(2)(C)." 4A Wright & Miller's Federal Practice & Procedure (4th ed. 2026). And the plaintiff bears the burden of showing that the recipient is "an

2

authorized agent." Fuqua v. Turner, 996 F.3d 1140, 1156 (11th Cir. 2021); see also Hoffman v. City of Birmingham Ret. & Relief Sys., 411 So. 3d 1195, 1203 (Ala. 2024) ("Alabama law is well settled that, '[w]hen the service of process on the defendant is contested as being improper or invalid, the burden of proof is on the plaintiff to prove that service of process was performed correctly and legally.'" (quoting McDermott v. Tabb, 32 So. 3d 1, 4 (Ala. 2009)).

For example, in Hoffman, the plaintiff argued that proper service was made on the respondents by certified mail under Alabama law. Hoffman, 411 So. 3d at 1203. Specifically, the plaintiff argued that the certified-mail receipts established that the individual who signed for the mail—an employee in the City of Birmingham's finance department—was authorized to accept service on behalf of the defendants. Id. The Alabama Supreme Court affirmed the trial court's conclusion that the plaintiff failed to establish proper service. Id. The court explained that the plaintiff's "argument that the signed certified-mail receipts were prima facie evidence that service had been made on an authorized agent [was] without merit." Id.

In Fuqua, the plaintiff argued that he properly served defendants by delivery to an authorized agent. Fuqua, 996 F.3d at 1156. The Eleventh Circuit stated that "[d]elivery to an authorized agent is another permissible method of service," but the plaintiff, not the defendants, "bore the burden to prove whether the [recipient] was an authorized agent." Id. The Eleventh Circuit explained that the defendant "has presented no evidence on this issue, so he necessarily fails to satisfy his burden of proof." Id. The Eleventh Circuit concluded that the district court "did not abuse its discretion in finding that [the plaintiff] failed to serve [the defendants]." Id.

Here, the issue is whether Plaintiffs have presented sufficient proof of proper service. Plaintiffs purportedly served White by delivery to an "authorized agent." The service form indicates that the summons was served on "Alex Arensberg, who is designated by law to accept

service of process on behalf of Arthur Burns White JR. d/b/a RECORD & SOUND SHOP on 2/10/2026." (Doc. 8). The bottom of the form reads: "Served Authorized Agent who is a Sales Associate at the business." (Id.).

Plaintiffs bear the burden of proving whether Arensberg is an authorized agent. Apart from the server's assertion, Plaintiffs have not offered any evidence on this issue. This is insufficient to prove that Arensberg is an authorized agent—especially in the context of a motion for entry of default. See Melton v. Wiley, 262 F. App'x 921, 923 (11th Cir. 2008) (affirming district court's conclusion that the plaintiff failed to show the recipient was the authorized agent for service because the plaintiff "proffered nothing to support the process servicer's assertion" that the recipient was authorized); see also Ala. R. Civ. P. 4(C)(1) advisory committee notes to August 1, 1992 amendment ("The committee notes that courts should be vigilant to protect the rights of defendants when default judgments are entered on the basis of service upon an agent of the defendant."). Therefore, Plaintiffs fail to show that they properly served White.

Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiffs still have until May 4, 2026, to serve White. This deadline must be extended if Plaintiffs show "good cause." Fed. R. Civ. P. 4(m). Moreover, "Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause." Horenkamp v. Van Winkle And Co., 402 F.3d 1129, 1132 (11th Cir. 2005). Accordingly, Plaintiffs have three options: (1) produce evidence showing that Arensberg was the authorized agent for service of process, (2) file a proper proof of service upon White by the Rule 4(m) deadline, or (3) show good cause for an extension of the Rule 4(m) deadline.

## IV.    Conclusion

Plaintiffs move for an entry of default, but Plaintiffs fail to show that White was properly served. Therefore, it is **ORDERED** as follows:

- Plaintiffs' motion for entry of default, (Doc. 9), is **DENIED**.

- **On or before May 4, 2026**, Plaintiffs shall (1) produce evidence showing that Arensberg with the authorized agent for service of process, (2) file a proper proof of service upon White, or (3) show good cause for an extension of the Rule 4(m) deadline.

**DONE** and **ORDERED** this the **28th** day of **April 2026**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

5